CHANCERY.                    Duncan *vs* Reed, &c.

*Case* 88.              ERROR TO THE MASON CIRCUIT.

*Principal and surety.   Release of surety.*

*June* 9.        JUDGE SIMPSON delivered the opinion of the Court.

THE doctrine is well established, that a contract for indulgence between the creditor and principal debtor, to have the effect of operating as an equitable release of the surety, must be founded on a valid consideration, and be such an agreement as can be enforced. The payment of usurious interest in advance, has been deemed a consideration of this character. But a promise to pay usurious interest at the end of the time, for the indulgence granted, has been held to be insufficient; the promise not being legal or such as would form an adequate consideration to uphold the agreement.

A contract by the creditor with the principal debtor for further indulgence, and the payment of usury therefor, in advance, without the assent of the surety, operates to discharge the surety; but if the contract be to pay usury thereafter, it is no discharge of the surety.

In this case the principal debtor was indulged from year to year, for several years, by an arrangement between him and the creditor by which he was to pay usurious interest, at the rate of twelve and a half per cent. per annum on the amount due, and the debtor, in pursuance of the arrangement, executed his own note at the commencement of each year, for the payment of the interest at its close. This, in effect, was a mere promise to pay usurious interest at the end of the year, for the indulgence to be given. The execution of the note for the interest, was not equivalent to a payment, nor was it any more obligatory than a verbal promise to the same effect. The contract to indulge was, therefore, not upheld by a sufficient consideration to make it binding on the creditor, and the surety might, at any time, have compelled the collection of the debt, had he thought proper to do so.

In such cases the contract for indulgence must be a binding contract which may be enforced between the creditor and principal surety.

The Circuit Court, therefore, erred in its decree releasing the surety; and the decree is reversed and cause remanded that the injunction may be perpetuated to the extent of the usury in the judgment at law, and dis-

solved with damages as to the residue, and a decree rendered for the complainant's costs.

McClung & Taylor for plaintiff; T. Y. Payne for defendants.